## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## HELENA DIVISION

UNITED STATES OF AMERICA                                   PLAINTIFF/RELATOR
ex rel. TOM JACKSON

v.                                    NO. 4:09CV00812 JLH

NICK PASLIDIS; DONNA SOODALTER-
TOMAN; and ARKANSAS FOUNDATION
FOR MEDICAL CARE                                           DEFENDANTS

### ORDER

This is an action brought pursuant to the False Claims Act, 31 U.S.C. § 3730, in which the relator, Tom Jackson, alleges, among other things, that the defendants caused a false claim for payment to be presented to the United States by certifying that the Arkansas Foundation for Medical Care was in compliance with the Service Contract Act when the defendants knew that the certification was false. As required by the act, the complaint was filed *in camera* and was placed under seal for a period of at least 60 days, so that the government could decide whether to intervene and proceed with the action. 31 U.S.C. § 3730(b). Pursuant to section 3730(b)(3), the government filed three motions asking the Court to extend the time within which they must make an election to intervene. Ultimately, the government elected not to intervene. The Court entered an order directing that the complaint be unsealed and served upon the defendants. The Court also ordered that the other contends of the Court's file remain under seal.

The defendants have now moved for an order unsealing the record. The relator and the United States have responded and have objected. The United States contends that information communicated to the Court in the motions for extensions of time reveal the government's investigative steps and communicate information that otherwise would be protected by the work product doctrine or the privilege for law enforcement investigation files. The Court adopts the

analysis by Judge Eisele in two unpublished opinions, copies of which are attached. *See United States of Am. ex rel. Montgomery v. Sisters of Mercy Health Sys.*, E.D. Ark. No. 4:05CV00899-GTE (June 21, 2006), and *United States of Am. ex rel. Montgomery v. Sisters of Mercy Health Sys.*, E.D. Ark. No. 4:05CV00899-GTE (Dec. 15, 2006).

The Court has reviewed the documents that were filed under seal and does not believe that any of them contain information that would be protected by the work product doctrine or the privilege for law enforcement investigation files. Rather, the documents "merely describe routine investigative procedures." *U.S. ex rel. Erickson v. Univ. of Washington Physicians*, 339 F. Supp. 2d 1124, 1126 (W.D. Wash. 2004). *See also U.S. ex rel. Rostholder v. Omnicare, Inc.*, ___ F. Supp. 2d ___, 2011 WL 3236016, *2 (D. Md. July 28, 2011).

Accordingly, the motion to unseal the record is granted. Document #27.

The defendants have also requested an extension of time to file a responsive pleading to the amended complaint. That request is granted. Document #27. The defendants must file their answer to the amended complaint within ten days from the entry of this order.

The relator, Tom Jackson, has filed a motion for extension of time to serve the individual defendants. No objection has been filed. Therefore, the motion is granted. Document #34. The time within which the relator must serve the defendants who have not yet been served is extended up to and including January 19, 2012.

IT IS SO ORDERED this 14th day of November, 2011.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

2

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

UNITED STATES OF AMERICA                                    **PLAINTIFFS**
**ex rel. PAUL MONTGOMERY, et al.**

v.                              **NO. 4:05-CV-00899 GTE**

**SISTERS OF MERCY HEALTH SYSTEM,**
**et al.**                                                  **DEFENDANTS**

## ORDER TO SHOW CAUSE REGARDING SEALED DOCUMENTS

The United States has responded to the Court's recent Order to Show Cause.[1] Therein, the United States indicates that it has no additional showing to make and moves to decline intervention pursuant to the False Claims Act, 31 U.S.C. § 3730(b)(4)(B). Accordingly, the Government's Third Request for Extension will be denied. The United States having declined to intervene, the Complaint will be unsealed so that it may served upon the Defendants by the Relators, as contemplated by 31 U.S.C. § 3730(b)(3).

An additional issue exists with regard to whether all other documents filed in this case to date should remain under seal. The Government has tendered a proposed Order, the terms of which state that only the Complaint will be unsealed and specifically require that all other documents filed in the case to date shall remain under seal. Such an approach appears to conflict with this Court's customary practice, which requires a showing of good cause to justify the

---

[1] The Order held in abeyance the Government's request for a third six-month extension of the intervention and seal period, but permitted the Government to make a further showing in support of its request.

- 1 -

sealing of documents or materials filed in federal court. That cause was made for the United

States initially by operation of the False Claims Act. But, at the point at which the United States

declined to intervene, thereby triggering the unsealing of the Complaint and the prosecution of

the action by the Relators, the question arises as to whether good cause remains for continuing to

keep such documents under seal. Because this issue raises important policy concerns, the Court

raises the issue *sua sponte*.

While the False Claims Act makes explicit reference to the lifting of the seal on the

relator's complaint,[2] it is silent on the issue of the unsealing of any other documents in the case.

Other courts to consider the issue have found that because the False Claims Act permits *in

camera* submissions, it necessarily invests a district court with authority to either maintain such

filings under seal or to make them available to the parties. *U.S. ex rel. Erickson v. Univ. of

Washington Physicians, et al.*, 339 F.Supp.2d 1124, 1126 (W.D. Wash. 2004)(hereinafter, "the

*Erickson* case")(citing cases). This Court agrees.

The Court also finds appropriate the approach utilized in the *Erickson* case for evaluating

the government's request to continue to maintain documents under seal after it declines to

intervene. By analogy to Fed. R. Civ. P. 26(c), which authorizes protective orders to protect

against the disclosure of "a trade secret or other confidential research, development, or

commercial information," the *Erickson* court described the appropriate analysis:

> Resolution of disputes under Rule 26(c) is based on a pragmatic balancing of the
> need for and harm risked by, disclosures sought.
>
> Where disclosure of confidential investigative techniques, of information which
> could jeopardize an ongoing investigation, or of matter which could injure non-

---

[2] 31 U.S.C. § 3730(b)(3)(B) excuses the defendants named in a False Claims Act
Complaint from responding to the complaint "until 20 days after the complaint is unsealed and
served upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure."

- 2 -

> parties is requested, courts have recognized the interest of the public in denying or
> deferring disclosure.

*Erickson*, 339 F.Supp.2d at 1126.

The *Erickson* court suggested that documents merely describing the government's routine

investigative procedures should not remain under seal. In making the decision to unseal the

entire court file, the court concluded:

> This court is satisfied that nothing in the documents in this court file would reveal
> any sensitive information as to how an investigation works. The documents
> contain no information that could compromise a future investigation, such as
> explanations of specific techniques employed or specific references to ongoing
> investigations.

*Id.*

Similarly, another district court, in rejecting the government's request to maintain

documents under seal, stated:

> The contents of the court's files do not disclose any confidential investigative
> techniques, information which could jeopardize an ongoing investigation, or of
> matters which could injure non-parties. Indeed, . . . the documents, save for the
> complaint, described routine, general investigative procedures and do not
> implicate specific people or provide any substantive details. As a result, the court
> finds no ground for retaining the court's files under seal.

*United States by Dept. of Defense v. CACI Intern., Inc.*, 885 F.Supp. 80, 83 (S.D.N.Y. 1995).

Finally, the continued sealing of a document is unjustified if the document describes "routine

investigative procedures which anyone with rudimentary knowledge of investigative process

would assume would be utilized in the regular course of business." *United States ex rel Mikes v.*

*Straus*, 846 F.Supp. 21, 23 (S.D.N.Y. 1994).

Unlike the *Erickson* case, the Court does not have before it any interested party requesting

- 3 -

that sealed documents be unsealed.[3]  This raises a procedural issue.  The United States' decision

not to intervene in a False Claims Act case triggers the unsealing of the Complaint and transfers

the responsibility for pursuing the case to the relator.  Thereafter, all additional proceedings

should be filed in the normal course, that is, as publicly filed documents.  From this point

forward, a party wishing to file documents or materials under seal would be required to first

obtain the Court's permission to file a document or materials under seal.  Under the district

court's policy, that permission would be obtained by filing a motion with the Court

demonstrating good cause for the requested under seal filing.  But, what of the documents filed

under seal during the interim period between the filing of the Complaint and the government's

decision not to intervene?  Should a district court wait for a relator, a defendant (once served), or

another interested party to file a motion to unseal the sealed documents?  Or, should the Court

make inquiry into whether such documents should remain under seal?

    After careful consideration, this Court is convinced that the answer to the latter question

is clearly "yes."  It must be remembered that the government is permitted to file such documents

under seal in the first instance not because good cause necessarily exists for doing so, but

because the False Claims Act provides for the automatic sealing of the case to permit the

government to exercise its statutory right of intervention.  31 U.S.C. 3730(b)(2).  When that

right is declined, the statutory reason the documents were sealed expires.  Absent an actual

showing of good cause, no reason remains for continuing to require such documents to remain

under seal.  If inquiry is avoided or delayed, the parties and the public may be deprived of access

to documents to which they are entitled.  Accordingly, a good cause determination should be

---

[3] In its prior Order, the Court referenced the public's likely interest in this case and their
ability – if advised of the allegations – to take steps for their own protection.  To date, of course,
the public (and the media) have been unaware that this case even exists.

made by the trial court as a matter of course in every False Claims Act case simultaneously with, or shortly after, the unsealing of the Complaint. The government, if it wishes to maintain such documents under seal, bears the burden of demonstrating good cause for doing so.

"[O]nce the government has decided it will not intervene, it should not be able to handicap the relator's action by keeping materials under seal without some showing of good cause or ample justification." *U.S. by Dept. of Defense v. CACI Inten. Inc.*, 885 F.Supp. 80, 82 (S.D.N.Y. 1995). Independently of whether a relator's action will be handicapped, courts have a duty to ensure that all documents filed with the Court remain available and accessible to the public unless good cause exists for restricting access. That duty arises from the "common-law right of access to judicial records." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978).

The strong presumption that court proceedings and court papers should remain open and accessible to the public is justified by the premise that "justice cannot survive behind walls of silence." *Sheppard v. Maxwell*, 384 U.S. 333, 349 (1966). Judges are, after all, public servants. As such, it is incumbent upon judges to ensure that any so-called wall of silence in the judiciary system is in fact justified and warranted. This is yet another reason for requiring inquiry into the necessity of maintaining sealed documents.

Here, the United States has failed to make any showing to justify the sealing of all documents (other than the Complaint) filed in this case to date. In order to provide the United States with an opportunity to make the required showing, the Court takes under advisement the issue of whether said documents should remain under seal. For future reference, the United States is hereby placed on notice that in each and every False Claims Act before the undersigned, after the Complaint is unsealed for service by the Relator, a presumption arises that all

- 5 -

documents previously filed in the case will be unsealed.  This presumption may be overcome, of course, by the United States, which bears the burden of identifying each and every document it contends should remain under seal and showing good cause or ample justification therefore.

## CONCLUSION

The United States having declined, pursuant to 31 U.S.C. § 3730(b)(4)(B), to intervene in this action,

IT IS HEREBY ORDERED THAT:

1. The United States' Ex Parte Application for Extension of Time (Docket # 16), which the Court previously took under advisement, be, and it is hereby, DENIED.

2. The Complaint is hereby unsealed.  The Relators shall serve the Complaint upon the Defendants  pursuant to Rule 4 of the Federal Rules of Civil Procedure.

3. This Order is not to be filed under seal.  It shall be served upon all parties of record to this action.  The Government's Notice of Election to Decline Intervention shall also be removed from under seal, and the Relators may serve a copy thereof upon Defendants simultaneously with service of the Complaint.

4. All other documents shall remain under seal to permit the United States to make a showing of good cause or ample justification as to why such documents should remain sealed.  If the United States intends to challenge the presumption against maintaining such documents under seal, then it shall file with the Court an appropriate motion, therein identifying  each and every document which it contends should remain under seal and the cause or justification therefore.  Said motion may be filed under seal and is due for filing not later than **July 14, 2006.**

5. The seal is hereby lifted as to all other documents filed in this case from the date

of this Order forward.

6.    The parties shall serve all pleadings and motions filed in this action, including

supporting memoranda, upon the United States, pursuant to 31 U.S.C. §

3730(c)(3).  If requested, the parties shall make available to the United States (at

its expense) copies of deposition transcripts obtained in this action. The Clerk of

the Court is directed to serve upon the United States copies of all Orders entered

by this Court.

7.    Pursuant to 31 U.S.C. § 3730(c)(3), the Government may be permitted to

intervene at a later date upon a showing of good cause.  Should the Relator or the

Defendants propose that this action be dismissed, settled, or otherwise

discontinued, the Court will solicit the written consent of the United States before

ruling or granting its approval.

IT IS SO ORDERED this 21st day of June, 2006.

_/s/ Garnett Thomas Eisele_____
UNITED STATES DISTRICT JUDGE

- 7 -

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                                   **PLAINTIFFS**
**ex rel.** PAUL MONTGOMERY, et al.

v.                                    **NO. 4:05-CV-00899 GTE**

SISTERS OF MERCY HEALTH SYSTEM,
et al.                                                     **DEFENDANTS**

## ORDER UNSEALING DOCUMENTS

Before the Court is the Motion to Unseal filed by Defendant David Mark McCoy. The

United States has responded to the motion. For the reasons stated below, the Court grants the

motion to unseal the entire record in this case.

### BACKGROUND

Following the United States' decision to decline intervention in this case, the Court

grappled with the issue of whether all documents filed in the case should remain under seal

automatically, as suggested by the United States, or whether inquiry should be made by the Court

into whether the judicial record to that point should remain sealed. (*See* Order of June 21, 2006,

Document No. 22). The Court concluded that a presumption exists against the documents

remaining under seal, but that the United States should be provided the opportunity to rebut the

presumption by showing good cause for maintaining the documents under seal. *Id.*

On June 30, 2006, the United States responded to the Court's invitation to show cause.

The response, filed under seal, made several points in opposing the procedure proposed by the

Court, the most persuasive of which was the suggestion that the Defendants might wish to

maintain certain documents under seal. After reconsidering the issue, the Court elected not to

- 1 -

take any action with regard to unsealing the case file until the Defendants were at least provided with an opportunity to first review the documents and to express their views on the issue. Defendant David Mark McCoy has now moved to unseal the case.

## DISCUSSION

The Government does not oppose the Defendant's request to view the documents *in camera*. And, it further states that it will defer to the Court's "balancing test of need" to determine whether the seal should remain in place.

A distinction should be made between the right of named defendants to review sealed documents in the judicial record and the right of the public to access to these documents. The presumption that Defendants St. Edward Mercy Medical Center and Dr. Mark McCoy shall have the right to review the entire record in this case, including all sealed documents, is greater than that of the general public. The United States has not demonstrated any cause for denying access to sealed documents to these named Defendants and, in fact, appears to agree that such access is warranted.

The Court recognizes that Defendants St. Edward Mercy Medical Center and Mr. Mark McCoy should have an opportunity to review the sealed documents  prior to unsealing the documents for public view.  To the extent that any judicial records should be redacted to protect legitimate privacy interests or that other good cause exists for maintaining particular documents under seal, the subjects of the investigation should be given the opportunity to raise those issues.

The broader issue is whether the sealed documents should remain hidden from the public. The Court recognizes two opposing extremes on this broader issue:  "confidentiality proponents" and "public access advocates." *See, e.g.*, Judge Joseph F. Anderson, Jr., *Hidden from the Public by Order of the Court: The Case Against Government-Enforced Secrecy*, 55 S.Carolina Law

Review 711 (Summer 2004)(discussing the judiciary's proper role in connection with "secrecy" or "confidentiality" in court proceedings and records).

On this particular issue, the United States advocates a presumption of secrecy. It takes the position that the False Claims Act itself creates an inference supporting the presumption that documents filed under seal should remain under seal, even after the government makes its intervention decision. Such an approach would shift to the defendants (or third-parties) the burden to show cause for the lifting of the seal in False Claims Act cases. The Court rejected this approach in its prior Order, and it rejects it again now.

The United States further states that it defers to the Court's balancing "test of need" for the seal to remain in place, relying on *U.S. v. McDougal*, 103 F.3d 651 (8th Cir. 1996). The Court recognizes from the United States' previous argument on this issue that it takes the position, again relying on the *McDougal* case, that the Eighth Circuit has rejected the "strong presumption" in favor of the common law right of access.

The question facing the *McDougal* court was whether to allow the press and the public access to President Clinton's videotaped deposition testimony used at trial in the underlying criminal case. The public and press were present when an edited version of the videotape was played for the jury. After the trial presentation of the videotape, the district court permitted public access to the deposition transcript, but it denied all requests to access to the videotape itself. The request for access was premised on a common law right of access and the First Amendment. The Eighth Circuit specifically found that the videotape itself was not a judicial record to which any common law right of access attached. *Id.*, at 656.

Alternatively, the court found that the district court did not abuse its discretion in denying access even if the videotape was considered a judicial record. In the context of that discussion,

- 3 -

the court rejected "the *strong* presumption standard adopted by some circuits." *Id.*, at 657. The

Court acknowledges that the Eighth Circuit is one of the circuits that rejects the use of a "strong

presumption." This view was announced in *United States v. Webbe*, 791 F.2d 103, 106 (8th Cir.

1986), where the court rejected a "'strong, indeed overwhelming, presumption in favor of

access,'" in favor of an "ad hoc" approach in which the district judge, "who is in the best position

to recognize and weigh the appropriate factors on both sides of the issue" is granted discretion to

resolve issues concerning access issues. *Webbe*, at 106-07 (omitting citation from quoted case at

p. 106). The *Webbe* court also held that the First Amendment right of access did not extend to

the videotapes, but noted that a compelling interest test applies when a First Amendment analysis

is required. *Id.*, at 657-58, 659.

 Here, there is no issue concerning whether a common law right of access applies. We are

not dealing with videotapes, but the very judicial record itself. The Court leaves for another day

the discussion of how strong the presumption is or is not in this context. A presumption –

whether strong or not – is still a presumption. As such, the United States bears the burden to

make a showing adequate to overcome application of the presumption. As the Court noted in its

prior opinion, "once the government has decided it will not intervene, it should not be able to

handicap the relator's action by keeping materials under seal without some showing of good

cause or ample justification." *U.S. by Dept. of Defense v. CACI Inten. Inc.*, 885 F.Supp. 80, 82

(S.D.N.Y. 1995). The United States has not met its burden here.

 Additionally, the Court has reviewed the entire file in this case, including all sealed

documents, and finds nothing that would justify maintaining the sealed portions of the judicial

record secret from the general public. The Court therefore concludes that the entire seal on this

court file should be lifted. Out of an abundance of caution, the Court will give the Defendants a

short period to view the documents prior to making the entire record public in order the provide

the Defendants with the opportunity to request and to demonstrate that particular documents

should remain under seal or portions of documents should be redacted.[1]

## CONCLUSION

IT IS HEREBY ORDERED THAT the Defendant David Mark McCoy's Motion to

Unseal Case (Docket No. 33) be, and it is hereby, GRANTED.  The following procedure will be

used for the unsealing of all sealed documents in this case.  The named Defendants in the

Amended Complaint shall be provided immediate access to all sealed documents.  Said access

shall include, if requested, one free copy of the documents.  Unless the Court otherwise directs,

on **December 29, 2006**, the Clerk of the Court is directed to unseal all sealed documents in this

case.

IT IS SO ORDERED this __15th__ day of December, 2006.

/s/Garnett Thomas Eisele
UNITED STATES DISTRICT JUDGE

---

[1] Having reviewed the file, the Court is doubtful that this will be necessary.

- 5 -